# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES ARTHUR WINN** | **CIVIL ACTION NO. 04-1563-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff James Arthur Winn, ("Winn"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this Court on July 27, 2004. Winn is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He complains his civil rights were violated during his arrest and criminal trial proceedings. He names the State of Louisiana, Eugene W. Bryson, Paul J. Carmouche and Shenqua Gray as defendants.[1]

Plaintiff claims that on December 10, 2002, he was arrested for possession of a firearm by a convicted felon. He claims the State of Louisiana, District Attorney Paul J. Carmouche, Assistant District Attorney Eugene W. Bryson and Assistant District Attorney

---

[1] Plaintiff also names Sheriff Steve Prator, Deputy Leonard Scoggins and Deputy Alisa Graham as defendants. Plaintiff's claims against these Defendants will be addressed in a separate memorandum order.

Shenqua Gray denied him due process during his criminal trial proceedings. Specifically, he claims he was denied his right to a fast and speedy trial and a writ of habeas corpus. He claims Assistant District Attorney Shenqua Gray admitted at trial that the State did not have any evidence against him. He claims that on July 30, 2003, he was acquitted of the charge.

As relief, he seeks monetary damages, lost wages, legal fees, court cost and any damages to which he is entitled.

## LAW AND ANALYSIS

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action. Accordingly, this Court must examine Plaintiff's claim for an award of money damages to see if the Court's jurisdiction over those claims is barred by the Eleventh Amendment. *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

> The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment has been judicially interpreted as a bar to suits in federal court by a private party seeking to impose liability which must be paid with funds from the State Treasury. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Company v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 84 L.Ed.2d 389 (1945).

Congress has not abrogated the States' Eleventh Amendment immunity in Section

1983 actions. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only avenue by which a plaintiff may seek money damages against the State in federal court is if the State, by the most express language or by overwhelming implications, consents to be sued in federal court. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed. 2d 662, 678 (1974); *Brennan v. Stewart*, 834 F.2d 1284, 1251-53 (5th Cir. 1988).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court. *American Telephone and Telegraph Co. v. Madison Police Jury*, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court. The State of Louisiana has not waived its rights under the Eleventh Amendment. *Usry v. Louisiana Department of Highways*, 459 F.Supp. 56, 63-64 (E.D. La. 1978); *Kiper v. Louisiana State Bd. of Elementary and Secondary Education*, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

Plaintiff instituted the instant action pursuant to 42 U.S.C. § 1983. This Court is aware of no provision enacted by Congress which, under these circumstances, authorizes an award of money damages against a state as retrospective relief for alleged past wrongs.

*Stewart*, at 1252. Plaintiff's claims and the relief sought fall within the strictures enunciated in Stewart, thereby barring a retrospective award of damages. This Court cannot grant Plaintiff the relief he seeks.

Accordingly, his claims against the State of Louisiana should be dismissed without prejudice because this Court lacks subject matter jurisdiction.

**District Attorney Paul J. Carmouche, Assistant District Attorney Eugene W. Bryson and Assistant District Attorney Shenqua Gray**

Plaintiff alleges Paul Carmouche, Eugene W. Bryson and Shenqua Gray denied him due process during his criminal trial proceedings. Specifically, he claims he was denied his right to a fast and speedy trial and a writ of *habeas corpus*. He further claims Assistant District Attorney Shenqua Gray admitted at trial that the State did not have any evidence against him. Prosecutors have absolute immunity when acting in a quasi-judicial mode. *Imbler v. Pachtman*, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Geter v. Fortenberry*, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. *Geter*, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." *Id*. at 1478.

The conduct challenged by Plaintiff unequivocally falls within the authority of the

district attorney and the assistant district attorneys, as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.

Accordingly, Plaintiff's civil rights claims against District Attorney Paul J. Carmouche, Assistant District Attorney Eugene W. Bryson and Assistant District Attorney Shenqua Gray, should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding *in forma pauperis*, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an *in forma pauperis* (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and that Plaintiff's civil rights claims against Paul J. Carmouche, Eugene W.

Bryson and Shenqua Gray be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See *Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Monroe, Louisiana, on this the 17th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE